STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PETER HUSTON, individual and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.13-13158 |
| v. | ) ) ) | |
| FLS LANGUAGE CENTRES d/b/a FLS INTERNATIONAL, DAL SWAIN and RICARDO SILVA, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## OPPOSITION TO MOTION TO REMAND

Defendants FLS Language Centers d/b/a/ FLS International ("FLS"), Dal Swain and Ricardo Silva (collectively, "Defendants") hereby oppose Plaintiff Peter Huston's Motion to Remand and Request for Attorney's Fees (docket no. 7) ("Motion"). Defendants properly removed this case based on diversity jurisdiction. *See* 28 U.S.C. § 1331; Notice of Removal (docket no. 1). Plaintiff's Motion argues that Defendants have failed to establish that there is a "reasonable probability" that the amount in controversy as to Plaintiff's claim exceeds $75,000. However, review of both the civil action cover sheet filed with the Complaint – which expressly states that Plaintiff believes his claims to be worth more than $250,000 – and the Complaint itself demonstrate that the amount at issue in this case exceeds this jurisdictional threshold.

First, while Plaintiff now asserts in his Motion that he seeks, at a "maximum," recovery for certain types of work specified in the Complaint, the Complaint itself is not so limited, and in fact must be read to allege a far greater number of hours of unpaid time in order to assert a valid claim under the Massachusetts Minimum Wage Law. Second, even if the Court were to ignore the well-established axiom that the amount in controversy is measured at the time of removal and

accept Plaintiff's post-removal damages calculation, Plaintiff's request for attorney's fees and for injunctive relief more than make up the difference necessary to meet the amount-in-controversy requirement. Indeed, just the cost of the "independent accounting" that Plaintiff requests in the Complaint – a species of injunctive relief he ignores entirely in his Motion – well exceeds the jurisdictional threshold. Accordingly, the Court should deny Plaintiff's Motion.

## Facts

FLS is an accredited provider of English language programs and curricula, and it operates a location in Boston, Massachusetts. All of the Defendants are residents of California, including FLS, which is a California corporation headquartered in California. Plaintiff is a Massachusetts resident and a former FLS teacher who claims that FLS violated Mass. Gen. Laws ch. 151, § 1, the Massachusetts Minimum Wage Law ("Minimum Wage Law"), Mass. Gen. Laws ch. 149, § 148, the Massachusetts Timely Payment of Wages statute ("Payment of Wages Statute") by paying him an hourly rate only for specific types of activities enumerated in the company's Teacher's Manual: "teaching, meetings, student advising, FLS workshops, LED activities, school parties and graduations, orientation and placement testing." Plaintiff asserts his claims on behalf of a putative class of similarly situated FLS employees.

Plaintiff filed his Class Action Complaint ("Complaint") in Massachusetts Superior Court, Suffolk County, on or about November 12, 2013. The Complaint does not specify the amount of damages he seeks, but the civil action cover sheet he filed with the Superior Court includes a statement valuing his claims, exclusive of multiple damages, at "$250k+." *See* Exhibit 2 to Notice of Removal. In addition, in the Complaint, Plaintiff seeks, among other things:

- Compensatory and multiple (treble) damages "in an amount to be proven at trial,"

- An injunction "requiring Defendants to immediately cease their wrongful conduct . . . and requiring the Defendants to begin paying their employees their wages earned for all hours worked,"

- "An order requiring a certified, independent accounting at Defendants' expense of all payroll and financial records in possession of the Defendants,"

- Attorney's fees and costs.

Complaint at p.7, ¶ B-F.  On December 13, 2013, Defendants removed the case to this Court based on diversity jurisdiction.  On December 18, 2013, Plaintiff moved to remand the case to state court and for an award of his costs and fees associated with that motion.  Defendants now oppose that motion.

## Argument

Under 28 U.S.C. § 1331, federal jurisdiction exists if there is complete diversity among the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[1]  Defendants need only show "a reasonable probability" that the amount in controversy exceeds this jurisdictional threshold, or that "it is more likely than not that if [Plaintiff] prevails on his claims against [Defendants], he will be entitled to recover more than $75,000." *Lucas v. Ultima Framingham LLC*, -- F.3d --, 2013 WL 5405668 at *3, (D. Mass. 2013); *see also Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 238 (D. Mass. 2010).  "[T]he pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Reynolds v. World Courier Ground, Inc.*, 272 F.R.D. 284, 286 (D. Mass. 2011) (quoting *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009)).  Accordingly, defenses – even obvious ones – are not taken into account in addressing the amount

---

[1] Plaintiff does not challenge Defendants' assertion that complete diversity exists among the parties.

in controversy.[2] *See*, *e.g.*, *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) ("The fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim . . . will not justify remand"). Here, Defendants are able meet this burden using a number of different measures.

### A. Plaintiff's Own Estimate of Damages Exceeds $75,000

Plaintiff's own civil cover sheet values the case at "$250k+," well above the jurisdictional threshold. Plaintiff has now attempted to retreat from that valuation, stating in a footnote in his motion to remand that "the $250,000+ figure was meant to encompass the estimated value of the Plaintiff's and the putative class's claims, and not just the Plaintiff's claim individually." Motion, at 4 n.2. Plaintiff's post-hoc revision of his own damages figure should be disregarded because, "[e]vents subsequent to removal that reduce the amount in controversy below the jurisdictional minimum do not divest a federal court of jurisdiction."[3] *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009).

Contrary to Plaintiff's characterizations, the civil cover sheet contains no itemization or explanation of Plaintiff's methodology for calculating the damages estimate, and the form language appears to be directed toward the Plaintiff alone. *See* Exhibit 2 to Notice of Removal (calling for a description of "plaintiff's injury" and "the facts on which plaintiff relies to determine money damages") (emphasis added). Because the amount in controversy is measured

---

[2] Indeed, Defendants have very strong defenses to Plaintiff's claims, and they maintain that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

[3] While a small number of out-of-circuit cases have considered post-removal stipulations in addressing the amount in controversy, they have done so only where the amount in controversy was not expressly pleaded prior to removal. *See*, *e.g.*, *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44 (M.D.N.C. 1997) (collecting cases). Such cases are not applicable here, because Plaintiff stated the amount he seeks in his civil cover sheet. Moreover, far from offering to stipulate to the maximum damages he may recover, Plaintiff has expressly reserved the right to amend his damages calculation at a later date. Motion at 4, n.2.

at the time of removal, Plaintiff's demand, as it existed at that time, governs here. *See St. Paul Mercury*, 303 U.S. at 292 (plaintiff cannot "reduce the amount of his demand to defeat jurisdiction").

>   B.  **Plaintiff's Complaint Would Have To Seek $75,000 To State A Claim Under The Minimum Wage Law**

Analysis of the necessary implications of Plaintiffs' claims in this case at the time of removal also confirms that the amount in controversy exceeds the jurisdictional threshold, notwithstanding Plaintiffs' subsequent attempts to limit the damages he seeks. Were Plaintiff able to state plausibly his claim pursuant to the Minimum Wage Law (which Defendants do not concede), that claim, combined with Plaintiff's Payment of Wages claim, would almost certainly require Plaintiff also to allege damages in excess of the jurisdictional threshold.

"In calculating the amount in controversy, a federal court must examine relevant state law to determine the nature and extent of the damages which may be awarded." *Lucas*, 2013 WL 5405668, at * 3. Here, Plaintiff alleges that FLS "fail[ed] to pay the Plaintiff and the putative class their legally mandated minimum wages." Complaint, at ¶ 42. Under Massachusetts law, it long has been established that compliance with minimum wage requirements is measured by dividing an employee's total compensation by the number of hours he claims to have worked. *See Robinson v. Pinegrove Cemetery Corp.*, 339 Mass 729, 731 (1959) (determining that salaried employee's pay complied with minimum wage law where salary was equivalent to hourly rate that exceeded minimum wage rate in effect at the time); *see also Dagan v. Jewish Community Housing*, 45 Mass. App. Ct. 511, 522 (1998) (affirming dismissal of minimum wage claim where the value of housing benefit employees received as compensation, divided by their hours of "actual working time," exceeded minimum wage rate). This methodology is consistent both with the manner in which the Minimum Wage Law regulations direct employers to calculate "regular

rate" for purposes of overtime, *see* 455 C.M.R. § 2.01, and the manner in which the vast majority of federal courts – including courts in this District – interpret the analogous minimum wage provisions of the Fair Labor Standards Act. *See*, *e.g.*, *Pruell v. Caritas Christi*, 2010 WL 3789318, at *2 ("no minimum wage violation occurs so long as the total wage paid to an employee in any given workweek divided by the total hours worked in the workweek equals or exceeds the applicable minimum wage), *aff'd* 678 F.3d 10 (1st Cir. 2012); *Lundy v. Catholic Health Sys of Long Island*, -- F.3d --, 2013 WL 765117, at *6 (2d Cir. 2013) ("[s]o long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold"); *Taylor v. McLane Foodservice, Inc.*, 2013 WL 94351, at *4 (D. Kan. 2013) (noting that "according to the vast majority of cases, one cannot bring an action under the FLSA . . in the absence of an allegation that the <u>average</u> wage falls below the federal minimum wage.") (emphasis added).

Plaintiff does not allege his total gross wages or hours of work as an FLS employee in the Complaint,[4] but Defendants' payroll records show that FLS paid him a total of $14,789.28 in wages over the course of his seven months of employment. *See* Payroll Ledger, Exhibit A to Affidavit of Jessica Schauer Lieberman (attached as Exhibit 1). Following the methodology used by the Massachusetts Appeals Court in *Dagan*, Defendants estimate that Plaintiff would

---

[4] As Plaintiff points out in his Motion, the Complaint specifies two types of activities for which Plaintiff claims he should have been paid, and it provides estimates for the hours he spent performing those types of activities. *See* Complaint, ¶ 21-25. However, the Complaint does <u>not</u> state that those enumerated hours are the <u>only</u> allegedly unpaid hours Plaintiff claims to have worked, and Plaintiff does not allege the total number of hours he claims to have worked. This failure alone provides grounds to dismiss the Complaint. *See*, *e.g*., Pruell, 2010 WL 378918, at *3 (dismissing minimum wage claim because plaintiffs "failed to allege facts, namely their approximate weekly wages and hours worked, that would nudge their minimum wage claim over the line from speculative to plausible"). In addition, if the hours described in Plaintiff's Motion are in fact the only unrecorded hours he worked, then he would not be able to state a claim under the Minimum Wage Law.

have needed to work approximately 1,172 hours of unrecorded time[5] (in addition to the 675.99 hours he did record and report to Defendants) in order for his overall wage rate to have consistently fallen below the $8 per hour minimum wage during this period.  *See Dagan*, 45 Mass. App. Ct. at 522 n.14 (calculating maximum number of hours per week at minimum wage covered by payment to plaintiff).  In addition, through his claim pursuant to the Payment of Wages Statute, Plaintiff apparently seeks to recover not just the minimum wage rate for those hours, but his full $22-per-hour rate.  Thus his potential recovery if he were successful on this claim – unlikely though that may be – would exceed $25,000 (1,172 hours x $22 per hour).  The statutory treble damages Plaintiff seeks may be counted toward the jurisdictional threshold.  *See Payne v. Goodyear Tire & Rubber Co.*, 229 F. Supp. 2d 43, 46 (D. Mass. 2002) ("It is well-established that colorable multiple damage claims should be included in the amount-in-controversy calculus."), overruled on other grounds, *Ortega v. Star-Kist Foods, Inc.*, 370 F.3d 124 (1st Cir. 2004).  Accordingly, even putting aside the value of his requests for injunctive relief and attorney's fees, the amount in controversy would necessarily exceed the $75,000 threshold if Plaintiff were to state a plausible claim with respect to both of the counts he alleges in the Complaint.[6]

---

[5] Defendants calculate this number by dividing Plaintiff's total wages ($14,789.28) by the $8/hour minimum wage rate and subtracting the number of work hours that Plaintiff recorded (675.99).

[6] Put another way, Plaintiff's description in the Motion of the hours for which he claims he was not paid is inconsistent with his assertion of a minimum wage claim.  Where two "contrary assertions cannot been reconciled," courts have disregarded the plaintiff's statements regarding the amount in controversy.  *See Fitzgerald v. Besam Automated Entrance Sys.*, 282 F. Supp. 2d 1309, 1315 (S.D. Ala. 2003) aff'd  107 F. App'x 893 (11th Cir. 2004) (concluding that "plaintiffs' allegation regarding the amount in controversy in this action were not made in good faith").

### C. Even Accepting Plaintiff's New Calculation of His Potential Compensatory Damages, The Amount In Controversy Exceeds $75,000

Finally, even if the Court were to accept Plaintiff's analysis of his potential recovery for allegedly unpaid wages, as stated in his Motion, the amount in controversy requirement would still be met because Plaintiff's requests for injunctive relief and attorney's fees may be counted toward that requirement. *See Firth v. TD Bank, N.A.*, 2013 WL 65281519, at *2 (D. Mass. 2013); *Drulias v. Ade Corp.*, 2006 WL 1766502, at *2 (D. Mass. 2006).

Plaintiff includes two different requests for injunctive relief in his Complaint: 1) an order compelling FLS to alter its policy by which it allegedly pays only for certain types of work performed by its teachers, and 2) an order requiring FLS to pay for an enormously burdensome independent audit of "all payroll and financial records in possession of the Defendants." Complaint at p.7, ¶¶ C, D.  In his Motion, Plaintiff addresses only the first of these two requested injunctions; he claims that it has "zero" value to him, as a former employee, and therefore is "irrelevant" to the amount-in-controversy calculation.  Even putting aside the first requested injunction – which, in any event, Plaintiff plainly lacks standing to seek – the second requested injunction clearly must be included in the amount-in-controversy calculation.  Case law in this Circuit establishes that in addressing the value of a claim for injunctive relief for purpose of subject matter jurisdiction, the Court should look to the cost to the defendant of complying with the order sought.  *See Richard C. Young & Co., Ltd. v. Leventhal,* 389 F. 3d 1, 3 (in case seeking injunction, "the value of the matter in controversy is measured . . . by the judgment's pecuniary consequences to those involved in the litigation"); *William v. Kleppe*, 539 F.2d 803, 805 n. 1 (1st Cir. 1976) (stating as alternative basis for jurisdiction that "we can rely on the extent of the claimed pecuniary burden on defendants were plaintiffs to prevail" in seeking declaratory judgment regarding constitutionality of park service regulation); *Drulias* , 2006 WL 1766502, at

*2 (finding amount-in-controversy requirement satisfied in securities class action because demand for injunctive relief would force defendant to forego "the enormous value of [a proposed] merger"). *Drulias* is particularly instructive here; in that case, the court looked to the <u>full</u> cost to the defendant of the injunction sought, even though the claims were asserted on behalf of a class, and the court rejected the plaintiff's argument that case law regarding aggregation of claims required a different result. 2006 WL 1766502, at *2. The "independent accounting" Plaintiff seeks, on its own, would cost FLS as much as $52,500 for a single year of records. *See* Affidavit of John Hornick, attached as Exhibit 2. Given that Plaintiff seeks to reach as far back as FLS's records will allow, this factor alone own satisfies the jurisdictional threshold.

In addition, because both the Payment of Wages Statute and the Minimum Wage Law permit recovery of attorney's fees, Plaintiff's alleged entitlement to an award of attorney's fees must be considered in determining the amount in controversy here. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 6 (1st Cir. 2001) ("a court must take into account attorneys' fees when the award of those fees is statutorily authorized"); *Firth*, 2013 WL 65281519, at *2 (denying motion to remand case asserting wage claims under Massachusetts law because "there can be little doubt but that a potential award in this litigation could well exceed $75,000 in light of plaintiff's request for treble damages and attorney's fees"). Plaintiff attempts to minimize the impact of his demand for fees and costs, claiming that there is "no objectively reasonable basis" to believe that Plaintiff could recover more than $60,000 in attorney's fees if he were to proceed "only on an individual basis." Motion at 5. While Defendants do not concede that attorney's fees in this range would be reasonable in this case, fees in excess of that amount have been awarded in this District in single-plaintiff minimum wage cases in which far less was recovered by the plaintiff.

*Mogilevsky v. Bally Total Fitness Corp.*, 311 F. Supp. 2d 212, 219 (D. Mass. 2004) (awarding attorney's fees of $68,149.17, reduced from a requested $92,465.83 in fees, in single-plaintiff FLSA case in which plaintiff recovered $4,567.21 on his claim); *see also Stewart v. Tupperware Corp.*, 356 F.3d 335, 340 (1st Cir. 2004) ("[t]aking notice of amounts recovered by plaintiffs in similar cases in a similar locality" is a valid method to assess whether a plaintiff can recover the jurisdictional amount"). Together, Plaintiff's claims for attorney's fees and for injunctive relief push the amount in controversy well over the $75,000 threshold, even if Plaintiff's claim that the amount of alleged compensatory damages at issue were less than $14,000.

### D. An Award Of Fees Is Improper

For the reasons described above, the Court should deny Plaintiff's Motion and exercise diversity jurisdiction over this case. However, even if the Court were to agree with Plaintiff's position regarding application of the amount-in-controversy requirement to the facts of this case, however, an award of fees and costs pursuant to 29 U.S.C. § 1447(c) would not be warranted. Defendants' grounds for removal, as described above, are "objectively reasonable," and the facts are far from being "so one-sided as to have made remand a foregone conclusion." *Reynolds*, 272 F.R.D. 284, 288; *Youtsey*, 734 F. Supp. 2d at 239.

### Conclusion

For all of the foregoing reasons, as well as the reasons stated in Defendants' Notice of Removal, this case was properly removed to this Court pursuant to 28 U.S.C. § 1332 and § 1446. Accordingly, the Court should deny Plaintiff's Motion to Remand in its entirety.

Respectfully submitted,

FLS LANGUAGE CENTRES d/b/a FLS INTERNATIONAL, DAL SWAIN and RICARDO SILVA,

By their Attorneys,

  /s/ Jessica S. Lieberman
Richard L. Alfred (BBO No. 015000)
Jessica S. Lieberman (BBO No. 669677)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts  02210
(617) 946-4800

DATED:  January 2, 2013

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2013,  document was filed through the Court's ECF system and that Plaintiffs' counsel includes registered users designated to receive Notices of Electronic Filings in this matter.

  /s/ Jessica S. Lieberman
Jessica S. Lieberman

16625078v.1