# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER HUSTON, individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FLS LANGUAGE CENTRES d/b/a FLS INTERNATIONAL, DAL SWAIN and RICARDO SILVA,<br><br>    Defendants. | CIVIL ACTION NO.13-13158 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

Defendants FLS Language Centers d/b/a/ FLS International ("FLS"), Dal Swain and Ricardo Silva (collectively, "Defendants") submit this memorandum in support of their Motion to Dismiss Plaintiff Peter Huston's ("Plaintiff") Class Action Complaint ("Complaint"). Plaintiff's Complaint fails to identify any plausible basis for this Court to award him relief. First, Plaintiff's claim under the Massachusetts Minimum Wage Law, Mass. Gen Laws ch. 151, § 1 (Count II) cannot succeed because he worked as a professional teacher for an educational institution and therefore was exempt from the statute's minimum wage and overtime provisions. Moreover, even if Plaintiff were able to plead adequately that the work he performed fell within the scope of the Minimum Wage Law – which he cannot – his claim would still fail because he has not pleaded facts sufficient to show that his wage rate ever actually fell below the prescribed $8/hour wage rate. Finally, Plaintiff's claim pursuant to the Massachusetts Timely Payment of Wages statute, Mass. Gen. Laws ch. 149, § 148 (Count I), requires dismissal because Plaintiff fails to articulate any independent statutory or contractual basis – other than the inapplicable

Minimum Wage Law – that entitles him to the additional wages he seeks. Accordingly, the Court should dismiss the Complaint in its entirety and with prejudice.

**Facts**

FLS is a provider of English language programs and curricula, and it operates a location in Boston, Massachusetts. *See* Complaint, ¶ 2-3. FLS is accredited by the Accrediting Council for Continuing Education and Training and the Commission on English Language Program Accreditation, two accrediting organizations recognized by the U.S. Department of Education. *See* Listing for FLS International - Boston, U.S. Dep't of Education Database of Accredited Postsecondary Institutions and Programs (copy attached as Exhibit A).[1] Plaintiff is a former FLS teacher who claims that FLS violated Mass. Gen. Laws ch. 151, § 1, the Massachusetts Minimum Wage Law ("Minimum Wage Law"); and Mass. Gen. Laws ch. 149, § 148, the Massachusetts Timely Payment of Wages statute ("Payment of Wages Statute"), by paying him an hourly rate only for specific types of activities enumerated in the company's Teacher's Manual: "teaching, meetings, student advising, FLS workshops, LED activities, school parties and graduations, orientation and placement testing." Complaint, ¶¶ 1, 18. While Plaintiff does not allege in his Complaint either the total number of hours he claims to have worked or the amount that he was paid, he has affirmed in connection with his Motion to Remand (Docket No. 7) that he earned $22 per hour for these activities. Plaintiff asserts his claims on behalf of a putative class of similarly situated FLS employees.

---

[1] The listing for FLS International in the U.S. Department of Education database may be accessed through the Department's website, http://ope.ed.gov/accreditation/Index.aspx. The Court may take judicial notice of public documents, including information available on federal agency websites. *See In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 20 (1st Cir. 2003); *Lindsay v. Wells Fargo Bank, N.A.*, 2013 WL 5010977 (D. Mass. 2013) (taking judicial notice of prospectus located on the Securities and Exchange Commission website); *In re Fruit Juice Prods. Mktg. & Sales Practices Litig.*, 831 F. Supp. 2d 507, 509 (D. Mass. 2011) (taking judicial notice of facts posted on the FDA website).

Plaintiff filed his Complaint in Massachusetts Superior Court, Suffolk County, on or about November 12, 2013, and Defendants removed the case to this Court based on diversity jurisdiction. On December 18, 2013, Plaintiff moved to remand the case to state court; Defendants have opposed that motion, which currently remains pending. Docket No. 11.

## Argument

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must meet the pleading standard established in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S.662 (2009). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 667 (quotations omitted). In light of this Supreme Court guidance, "two underlying principles guide [] assessment of the adequacy of [a] plaintiff['s] pleadings." *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009). First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Thus, legal conclusions couched as factual allegations need not be given any credence. *Twombly*, 550 U.S. at 555. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Maldonado*, 568 F.3d at 268 (emphasis added). To meet this plausibility standard, factual allegations in a plaintiff's complaint must "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Here, it is clear from the face of the Complaint that Plaintiff does not and cannot state a plausible claim for relief, and accordingly his Complaint should be dismissed in its entirety.

### I. Plaintiff Was Exempt from Minimum Wage and Overtime Requirements Because He Worked As A Teacher For FLS

Under the Minimum Wage Law, employers generally must pay "any person in an occupation" at least the statutory minimum wage rate of $8 per hour as well as overtime for

hours worked over forty in a workweek.[2]  Mass. Gen. Laws ch. 151, § 1, 1A.  Teachers like Plaintiff, however, are exempted from the scope of the statute by two separate clauses in Mass. Gen. Laws ch. 151, § 2, which defines the term "occupation."  First, the statute excludes employees of "educational institutions."  Second, the statute excludes employees in "professional service."[3]  Plaintiff's Complaint makes clear that he meets the requirements of both of these exclusions, and thus the Court should dismiss Count II of his Complaint.

      A.    *The Minimum Wage Law Exempts Employees of FLS Because It Is An "Educational Institution"*

The Minimum Wage Law defines the term "occupation" to exclude employees of "educational . . . institutions," thereby exempting such employees from <u>both</u> minimum wage and overtime requirements.  *See* Mass. Gen. Laws ch. 151, § 2.  Plaintiff here falls within this exclusion.  The Massachusetts Department of Labor Standards ("DLS") regulations interpreting the Minimum Wage Law define a *bona fide* educational institution as "[a]n institution that has received accreditation from a recognized source."  455 C.M.R. 2.01.  FLS is an educational establishment accredited by two different accrediting agencies recognized by the U.S. Department of Education, and it is listed in the U.S. Department of Education's database of accredited educational institutions.  *See* Exhibit A.  It therefore clearly meets the definition of an "educational institution" under Massachusetts law, and its employees are exempt under the statute.

---

[2] Plaintiff does not assert a claim for unpaid overtime in the Complaint.  However, Defendants cannot determine at this time whether Plaintiff claims to have worked overtime or not because he does not state in his Complaint the total number of hours he worked per week.

[3] In addition, a provision in Mass. Gen. Laws ch. 151, § 1A exempts *bona fide* professional employees – including teachers – from the Minimum Wage Law's overtime requirements.  While not directly applicable here because Plaintiff does not assert an overtime claim, this provision is instructive in applying the similarly-worded minimum wage exemption for employees in "professional service" in Mass. Gen. Laws ch. 151, § 2.

4

16631021v.1

### B. The Minimum Wage Law Exempts Plaintiff Because He Worked As A Professional Teacher

In addition, Plaintiff is exempt from minimum wage and overtime requirements under Massachusetts law because he is in "professional service" and therefore is not a "person in an occupation" for purposes of the Minimum Wage Law. *See* Mass. Gen. Laws ch. 151, § 2. DLS has interpreted the term "professional" as used in the Minimum Wage Law to incorporate the Fair Labor Standards Act ("FLSA") regulations governing exemptions from overtime, which are found at 29 C.F.R. § 3.00 *et seq*. *See* 455 C.M.R. § 2.01; DLS Opinion Letter MW-2004-001 (Dec. 16, 2004) ("Opinion Letter") (attached as Exhibit B).[4] The FLSA regulations – and, by extension, Massachusetts law – define a "professional" to include any "employee with a primary duty of teaching . . . who is employed and engaged in this activity as a teacher in an educational establishment by which the employee is employed." 455 C.M.R. § 2.01; 29 C.F.R. § 541.303(a).

It is apparent from the face of the Complaint that Plaintiff was exempt as a professional teacher under this definition. Plaintiff describes himself as a "teacher" and pleads that his job consisted of activities "integral to the teaching process" including "teaching, . . . student advising," and "preparing to teach [his] class and performing grading tasks." Complaint, ¶ 18-21. FLS, for the same reasons described above, clearly qualifies as an "educational establishment."[5]

---

[4] The 2004 DLS Opinion Letter is also available at http://www.mass.gov/lwd/labor-standards/minimum-wage/opinion-letters/2004/12162004-teachers-and-salary-basis-test.html (last visited Jan. 3, 2014). While this Opinion Letter primarily concerns the "*bona fide* professional" exemption from overtime found in Mass. Gen. Laws ch. 151, § 1A, it also specifically references the exclusion of professionals from the definition of the term "occupation."

[5] The federal regulations define the term "educational establishment" to include any "institution of higher education or other educational institution." 29 C.F.R. § 541.204(b). "For purposes of the exemption, no distinction is drawn between public and private schools, or between those operated for profit and those that are not for profit." *Id*. Instead, Courts are instructed to look to whether an institution is "accredited by a nationally recognized accrediting organization" in assessing whether an institution meets this

5
16631021v.1

In addition, FLS's pay practices have no bearing on Plaintiff's exempt status for purposes of this provision. Unlike some exemptions that require that an employee be paid on a salary basis in order to qualify, the professional teacher exemption applies regardless of the manner in which an employee is paid. *See* 29 C.F.R. § 541.303(d). For example, Courts have held that the exemption applies where an employee who otherwise meets the criteria for the exemption is paid on a per-course basis. *See Franklin v. Breton Int'l, Inc.*, 2006 WL 3591949, at *1 (S.D.N.Y. 2006). DLS has specifically endorsed this aspect of the professional teacher exemption as outlined in the federal regulations and confirmed that salary basis requirements do not apply to the exemption for professional teachers in Massachusetts. *See* Opinion Letter. Accordingly, Plaintiff also meets the requirements of this Minimum Wage Law exemption, and his minimum wage claim must be dismissed.

## II. Plaintiff Fails To Plead Facts Adequate To State A Claim Under The Minimum Wage Law

Even if Plaintiff were not exempt from the reach of the Minimum Wage Law, his Complaint would still fail to state a claim because Plaintiff has not alleged adequately that his wage rate fell below the minimum wage. Plaintiff alleges that FLS "fail[ed] to pay the Plaintiff and the putative class their legally mandated minimum wages." Complaint, at ¶ 42. However, Plaintiff has failed to plead facts such as the amount he was paid and the number of hours he worked, which would be necessary to state a plausible claim for relief under the statute.[6] Under Massachusetts law, it long has been established that compliance with minimum wage

---

definition. *See id.*; *see also Astor v. United States*, 79 Fed. Cl. 303, 316 (2007). This is consistent with the Massachusetts definition of a "*bona fide* educational institution." *See* 455 C.M.R. § 2.01.

[6] Plaintiff's attempt to describe these facts in greater detail in his Motion to Remand does not cure the deficiencies in the Complaint. Moreover, as Defendants argue in their Opposition to the Motion to Remand, if the facts Plaintiff sets forth in the Motion to Remand are correct, it demonstrates that he cannot state a claim under the Minimum Wage Law. *See* Docket no. 11.

6

requirements is measured by dividing an employee's total compensation by the number of hours he claims to have worked. *See Robinson v. Pinegrove Cemetery Corp.*, 339 Mass 729, 731 (1959) (determining that salaried employee's pay complied with minimum wage law where salary was equivalent to hourly rate that exceeded minimum wage rate in effect at the time); *see also Dagan v. Jewish Community Housing*, 45 Mass. App. Ct. 511, 522 (1998) (affirming dismissal of minimum wage claim where the value of housing benefit employees received as compensation, divided by their hours of "actual working time," exceeded minimum wage rate). This methodology is consistent both with the manner in which the Minimum Wage Law regulations direct employers to calculate "regular rate" for purposes of overtime, *see* 455 C.M.R. § 2.01, and the manner in which the vast majority of federal courts – including courts in this District – interpret the minimum wage provisions of the analogous Fair Labor Standards Act. *See*, *e.g.*, *Pruell v. Caritas Christi*, 2010 WL 3789318, at *2 (D. Mass. 2010) ("no minimum wage violation occurs so long as the total wage paid to an employee in any given workweek divided by the total hours worked in the workweek equals or exceeds the applicable minimum wage"), *aff'd* 678 F.3d 10 (1st Cir. 2012); *Lundy v. Catholic Health Sys. of Long Island*, -- F.3d --, 2013 WL 765117, at *6 (2d Cir. 2013) ("[s]o long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold"); *Taylor v. McLane Foodservice, Inc*., 2013 WL 94351, at *4 (D. Kan. 2013) (noting that "according to the vast majority of cases, one cannot bring an action under the FLSA . . in the absence of an allegation that the average wage falls below the federal minimum wage").

Because of this requirement, Courts applying the *Twombly/Iqbal* standard in minimum wage cases consistently have held that, in order to substantiate violations of the statute, a complaint must allege both the number of hours the plaintiff claims to have worked and his or

7

her pay. *See*, *e.g.*, *Pruell*, 2010 WL 378918, at *3 (dismissing minimum wage claim because plaintiffs "failed to allege facts, namely their approximate weekly wages and hours worked, that would nudge their minimum wage claim over the line from speculative to plausible"); *Nicholson v. UTi Worldwide, Inc.*, 2010 WL 551551 (S.D. Ill. 2010) (dismissing minimum wage claim because plaintiff only pleaded "that he has worked overtime or time off the clock [which] is not sufficient to plausibly suggest his weekly wage was less than his hours worked multiplied by the applicable minimum hourly wage"); *Bailey v. Border Foods Inc.*, 2009 WL 3248305, at *2 (D. Minn. 2009) (granting motion to dismiss plaintiffs' state and federal minimum wage claims because they "failed to identify their hourly pay rates . . . or any facts [concerning hours worked and paid] that would permit the Court to infer that Plaintiffs actually received less than minimum wage"). Plaintiff has not pleaded this information in his Complaint, and on this alternative basis Count II of his Complaint must be dismissed.

### III. Plaintiff Fails to Plead An Entitlement to Wages That Can Be Enforced Under the Payment of Wages Law

Plaintiff's claim under the Massachusetts Payment of Wages Statute is derivative of his claim under the Minimum Wage Law, and as a result it also fails. The Payment of Wages Statute states in relevant part that, "[e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week. . . ." Mass. Gen. Laws ch. 149, § 148. The statue by itself does not create a right to payment, but instead is intended to "prevent the unreasonable detention of wages" and to "*enhance* certain rights" to payment already held by an employee. *Lipsitt v. Plaud*, 466 Mass. 240, 245, 249 (2013) (internal quotations omitted) (emphasis in original). Indeed, the Payment of Wages Statute allows employers a great deal of freedom in establishing

wage-related policies: "Employers may establish the terms of employment and determine the hourly rate or salary to be paid as well as how many hours the employee is expected to work. . . . [E]mployers may amend the terms of their [wage] policies at any time." Attorney General's Advisory 99/1, available at http://www.mass.gov/ago/docs/workplace/vacation-advisory.pdf.

Here, Plaintiff alleges that, "[b]y their conduct . . .defendants have violated M.G.L. ch. 149, § 148." Complaint, ¶ 38. The Complaint, however, does not allege any facts to support Plaintiff's allegation that he has an entitlement to any wages that were not timely paid as required by the statute. For example, Plaintiff asserts that he should have been be paid for "class preparation time or preparing student progress reports and grades," but he fails to identify any basis for his belief that he is entitled to payment for this time. Plaintiff does not allege or suggest that the Company promised or agreed to provide him additional pay above and beyond his regular wages for these activities. Nor does he identify any statute (aside from the Minimum Wage Law, which as described above, does not apply) that would create right to payment that could be enforced through the Payment of Wages Law. Accordingly, Plaintiff fails to state a claim pursuant to the Payment of Wages Statute, and Count I of his Complaint must be dismissed.

## Conclusion

For all of the foregoing reasons, the Court should dismiss Plaintiff's Complaint in its entirety and with prejudice.

Respectfully submitted,

FLS LANGUAGE CENTRES d/b/a FLS INTERNATIONAL, DAL SWAIN and RICARDO SILVA,

By their Attorneys,

  /s/ Jessica S. Lieberman
Richard L. Alfred (BBO No. 015000)
Jessica S. Lieberman (BBO No. 669677)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
(617) 946-4800

DATED: January 3, 2014

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2014, document was filed through the Court's ECF system and that Plaintiff's counsel includes registered users designated to receive Notices of Electronic Filings in this matter.

  /s/ Jessica S. Lieberman
    Jessica S. Lieberman

16631021v.1